1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO,<br>Booking No. 19778496,<br><br>                           Plaintiff,<br><br>          vs.<br><br>CATHERINE CRUMB, Detective; JOHN SULLIVAN, Detective; JESSICA COTTO, Deputy District Attorney; MARA ELLIOT, San Diego City Attorney; GREG COX, Board of Supervisors ,<br><br>                          Defendants. | Case No.:  3:20-cv-1936-JAH-LL<br><br>**ORDER**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 10)**<br><br>**AND**<br><br>**2) DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Daniel Dorado ("Plaintiff"), incarcerated at the George Bailey Detention Facility (GBDF") in San Diego, California, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. Section 1983.[1]  (*See* ECF No. 1, Compl.)  Before the Court could conduct the

---

[1] According to the San Diego County Sheriff's Department's website, Plaintiff was last booked on December 20, 2019, has been sentenced, but has not yet been transferred to state prison. *See* https://apps.sdsheriff.net (last accessed Feb. 9, 2021). The Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011)

1

required sua sponte screening, Plaintiff filed a First Amended Complaint ("FAC") which is now the operative pleading. (*See* ECF No. 7.)  Plaintiff claims that San Diego Police Department officers and a Deputy District Attorney violated his civil rights by defaming him and filing false charges on which Plaintiff was arrested, prosecuted, and convicted. (*See id.* at 12-18.)

Plaintiff did not prepay the initial civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing, and instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a).  (*See* ECF No. 10.)

## I.   Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately

---

(taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator); *Graham v. Los Angeles Cty.*, 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of information regarding the status of inmate via the Los Angeles County Sheriff's Department's website and its inmate locator function).

[2]  For civil cases like this one, filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.* This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

dismissed.  *See* 28 U.S.C. § 1915(b)(1)-(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."   28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff has submitted a copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2.   *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances.  (*See* ECF No. 9, at 2-9.)  These documents show that he carried an average monthly balance of $1.18 and had $159.17 in average monthly deposits to his trust account for the six months preceding the filing of this action, Plaintiff had an available balance of $17.53 at the time of filing.  (*See id*.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 9) and imposes an initial $31.83 partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1).  The Court directs the Watch Commander of George Bailey Detention Facility, or their designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

/ / /

## II.    Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)

A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility

1  standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

2      B. Plaintiff's Factual Allegations

3      Plaintiff's factual allegations are somewhat disjointed.  It appears that he was

4  arrested by Defendant Catherine Crumb, a detective with the San Diego Police Department

5  ("SDPD").  *See* FAC at 12.  Plaintiff claims she never read him his *Miranda* rights and was

6  "formally charged with having used GHB and HGH without any evidence whatsoever."

7  *Id.*  He further claims she "threw me directly into 'suicide watch' for no reason whatsoever"

8  for three and a half days.  *Id.*

9      While Plaintiff was detained at GBDF he claims that Crumb "threatened" his clients

10  to not help him with bail.  *Id.* at 13.  He also alleges Detective John Sullivan "was

11  simultaneously contacting the bail bond companies not to help me."  *Id.*  As a result,

12  Plaintiff contends he "should have been jailed max 4-5 days, instead I was jailed (6)

13  months."  *Id.*

14      Detectives "added false sex charges with minors to the Sheriff's website" that

15  remained on the website the "entire 6 months of my incarceration before bailing."  *Id.* at

16  15.  Plaintiff claims, "Detectives knew full well about my fears of physical harm" and he

17  received "e-mail death threats the very first day" he was transferred to GBDF from the San

18  Diego Central Jail ("SDCJ").  *Id.*

19      Plaintiff alleges Deputy District Attorney Jessica Cotto "colluded with Detective

20  Crumb to have victim 'Nancy K' completely fabricate her testimony."  *Id.* at 16.  Detective

21  Crumb "withheld video, pretext calls, from Bahia Hotel that would have exonerated"

22  Plaintiff.  *Id.*  He further claims "[v]ictims stated in [preliminary] hearing that they were

23  all drugged without a shred of evidence and encouraged them all to fabricate testimony to

24  convict me."  *Id.*

25      C. 42 U.S.C. Section 1983

26      To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential

27  elements: (1) that a right secured by the Constitution or laws of the United States was

28  violated, and (2) that the alleged violation was committed by a person acting under the

5

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### 1.   False charges and fabricated evidence

As mentioned, Plaintiff seeks to hold Defendants Crumb and Sullivan liable on the grounds that his civil rights were violated when an arrest warrant was obtained and he was formally charged "without any evidence whatsoever."   FAC at 12.   As stated above, Plaintiff has been convicted and appears to be awaiting transfer to a state prison.

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court.   *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment . . . ." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))).   In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. Section 2254, or through appropriate state relief.   *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." (citing *Dotson*, 544 U.S. at 81-82)).

Thus, to the extent Plaintiff seeks damages based on claims that he was unlawfully convicted, sentenced, and/or incarcerated, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. Section 1983, without first showing his conviction (or convictions) has already been invalidated.   *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*'"  *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

As currently alleged, the Court finds that Plaintiff's false charges and fabricated testimony claims are barred by *Heck*.  Because Plaintiff does not claim to have already invalidated his conviction, *Heck*, 512 U.S. at 487, his claims must be dismissed sua sponte and in their entirety for failing to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b).

2.    Prosecutorial Immunity

To the extent Plaintiff claims Deputy District Attorney Jessica Cotto "intentionally colluded with Detective Crumb to have victim 'Nancy K' completely fabricate her entire testimony," *see* FAC at 16, his FAC must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b) because Cotto is entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to

7

absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915) (citation omitted).

### 3.   Individual Causation

Finally, Plaintiff's FAC fails to contain any specific factual allegations against Defendants Elliot or Cox and contains no "further factual enhancement" which describes how, or to what extent, these individuals became aware of, or were actually aware of, any alleged constitutional violation.  "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim."  *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976).   There are no factual allegations linking Defendants Elliot or Cox as to any of his claims regarding alleged constitutional violations.

Thus, for these reasons, the Court finds that Plaintiff's claims against Elliot and Cox must be dismissed for failing to state a claim upon which relief may be granted.

### 4.   Leave to Amend

For all these reasons, the Court finds that Plaintiff's FAC fails to state a claim upon which Section 1983 relief can be granted, for seeking monetary damages against immune defendants and dismisses it sua sponte in its entirety pursuant to 28 U.S.C § 1915(e)(2)(B) and § 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.  Having now provided Plaintiff with "notice of the deficiencies in his complaint," however, the Court will also grant Plaintiff an opportunity to fix them, if he can.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.   Conclusion and Orders

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (ECF No. 10).

2.   **DIRECTS** the Watch Commander of George Bailey Detention Facility, or their designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California, 92158.

4.   **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted and for seeking money damages against immune defendants pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. Civ. L.R.

15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5.      The Clerk of Court is directed to mail Plaintiff a copy of the court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: February 11, 2021

Hon. John A. Houston
United States District Judge