UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO,<br>Inmate Booking No. 19778496,<br><br>                                     Plaintiff,<br>vs.<br><br>CATHERINE CRUMB, et al.,<br>                                     Defendant. | Case No.: 3:20-cv-1936-JAH-LL<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STAY AND DENYING PLAINTIFF'S REQUEST TO STOP PAYING FEE PAYMENT; and**<br><br>**(2) SUA SPONTE GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 14]** |

    Daniel Dorado ("Plaintiff") currently housed at George Bailey Detention Facility ("GBDF") located in San Diego, California, is proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before this Court is Plaintiff's "Request [that] the Court place all matters pertaining to this case on hold" and "stop proceedings to the Court without a fee payment." (ECF No. 14.)

///

///

9

## I. Motion to Stay

Plaintiff claims that because he is currently housed at GBDF he is "unable to pursue this civil case properly." (Pl.'s Mot., ECF No. 14 at 1.) Currently, this matter is closed pending Plaintiff filing an amended complaint. On February 11, 2021, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") and dismissed his First Amended Complaint ("FAC") for failing to state a claim upon which relief could be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 11 at 9-10.)

Plaintiff was granted forty-five (45) days leave from the date of the Order to file an Amended Complaint which cured the deficiencies of pleading identified in the Court's Order. (*See id.* at 9.) While the Court is cognizant of the challenges Plaintiff faces in proceeding with this matter, at this point in time he has failed to allege a viable claim. While the Court granted Plaintiff leave to amend, it is unlikely that Plaintiff can allege sufficient facts to overcome the deficiencies found in his FAC. Thus, a stay of all proceedings indefinitely is not warranted at this time. However, the Court will grant Plaintiff an extension of time to comply with the Court's February 11, 2021 Order. However, if Plaintiff fails to file an amended pleading within that timeframe, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

## II. Motion to Stop Pay Filing Fee

As noted above, the Court granted Plaintiff's Motion to Proceed IFP on February 11, 2021 pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 11.) Pursuant to 28 U.S.C. § 1915(b)(1), no initial partial filing fee was assessed, but Plaintiff was expressly advised that as a prisoner bringing a civil action in forma pauperis, he was obligated to pay the entire fee," albeit in installments as available pursuant to the formula provided by 28 U.S.C. § 1915(b)(2), and regardless of outcome. (*See* ECF No. 11 at 2) (citing 28 U.S.C. § 1915(b)(1) & 2; *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)).

Plaintiff now requests that the Court essentially waive the $350 filing fee owed in this case because he does not "have money – [he] lost everything in [his] criminal case." (*See* ECF No. 14 at 1.)

"Reacting to 'a sharp rise in prisoner litigation,' *Woodford v. Ngo,* 548 U.S. 81, 84 (2006), Congress in 1996 enacted the PLRA, which installed a variety of measures 'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good,' *Coleman v. Tollefson,* 575 U.S. 532 (2015) (quoting *Jones v. Bock,* 549 U.S. 199, 204 (2007) (alteration in original)." *Bruce v. Samuels*, 577 U.S. 82, 84-85 (2016).

"Among those measures, Congress required prisoners to pay filing fees for the suits or appeals they launch." *Bruce,* 577 U.S. at 85. "The provisions on fee payment, set forth in 1915(b), read:

> (1) ... [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* (citing 28 U.S.C. § 1915(b)(1), (2) (emphasis added)). "The monthly installment scheme described in § 1915(b)(2) also applies to costs awarded against prisoners when they are judgment losers." *Id.* (citing § 1915(f)(2)(B)).

Thus, § 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee he has already

paid, after the civil action has been consolidated, settled, or dismissed for any reason. *See e.g.*, *Johnson v. Darr,* No. 3:10-CV-2334-WQH-POR, 2018 WL 5246597, at *2 (S.D. Cal. Oct. 22, 2018); *Avery v. Paramo*, No. 3:13-CV-2261 BTM DHB, 2015 WL 5228034, at *3 (S.D. Cal. Sept. 8, 2015); *Wilson v. Calif. Dep't of Corrs.*, No. 3:13-cv-1455 BTM (JLB) (S.D. Cal. Oct. 30, 2014); *Adams v. Maricopa Cty. Sheriff's Office*, 2010 WL 4269528 at *1–2 (D. Ariz. Oct. 25, 2010) (denying prisoner's motion to stop withdrawal of trust account funds pursuant to § 1915(b) and noting that "[t]he decision to file and prosecute this case was made by Plaintiff before he filed [his] case. Having filed [it], [he] and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915.").

## III.  Conclusion and Order

For the reasons explained, the Court:

(1) DENIES Plaintiff's "Motion to stop proceedings in this civil case and to request the Court place all matters pertaining to this case on hold." (ECF No. 14.)

(2) DENIES Plaintiff's request for a waiver of the initial civil filing fee. (ECF No. 14)

(3) Sua sponte GRANTS Plaintiff an extension of time to respond to the Court's February 11, 2021 Order. The Court GRANTS him one hundred and twenty (120) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted in the Court's February 11, 2021 Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

/ / /

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

The Clerk of Court is directed to mail Plaintiff a copy of the court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: March 19, 2021

HON. JOHN A. HOUSTON
United States District Judge