UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO, CDCR #BN 7728,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CATHERINE CRUMB; JOHN SULLIVAN; JESSICA COTTO; CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; SAN DIEGO SHERIFF,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-1936-JAH-LL<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 23)** |

Daniel Dorado ("Plaintiff"), currently incarcerated at Pleasant Valley State Prison, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. Section 1983. (*See* Compl., ECF No. 1.) The Court previously dismissed Plaintiff's First Amended Complaint (ECF No. 11) for failure to state a claim pursuant to 28 U.S.C. Section 1915A(b) and granted leave to amend. (*See* ECF No. 11, at 9-10.) After being granted an extension of time, Plaintiff timely filed a Second Amended Complaint (ECF No. 23, SAC.)

/ / /

/ / /

I. Screening pursuant to 28 U.S.C. Section 1915A

A. Standard of Review

The Court must conduct an initial review of Plaintiff's SAC pursuant to 28 U.S.C. Section 1915A because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of Section 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dep't of Corrs.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

B. Rule 8

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Iqbal*, 556 U.S. at 677-78. In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of

"incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

Here, Plaintiff's SAC is fifty-eight pages long and contains meandering descriptions of his apparent arrest, preliminary hearing, criminal trial, and ultimate conviction. It mostly contains legal arguments relating to the alleged lack of probable cause for his arrest, along with the alleged misconduct by the Defendants, judicial officers and attorneys involved in his criminal proceedings and purported insufficient evidence to convict him of any criminal charges. Even though pro se pleadings are entitled to liberal construction, that does not exempt Plaintiff from the requirement that his SAC provide the Court and Defendants with fair notice of his factual and legal claims. Indeed, as the Ninth Circuit has emphasized, "it is not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *See Hearnes v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008); *see also Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming dismissal under Rule 8 of a complaint "contain[ing] a confusing array of vague and underdeveloped allegations . . . .").

The Court finds Plaintiff's SAC violates Rule 8 of the FRCP. Moreover, Plaintiff's SAC violates the Court's local rule that provides, in part, that "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983" are to be written on forms "supplied by the court" and "additional pages not to exceed fifteen (15) in number." S.D. Cal. CivLr 8.2(a). Accordingly, the Court DISMISSES the entire SAC on Rule 8 grounds, and for violating the Court's local rules.

C.   Analysis

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. <u>Heck Bar</u>

Plaintiff states that this matter "is a case then stems from my criminal case in San Diego, CA, *People v. Dorado*, SCD 276163. (SAC at 5.) Plaintiff was convicted and sentenced in his criminal matter and is "currently appealing [his] criminal case at this time. (*Id.* at 7.) In his lengthy SAC, Plaintiff alleges that Defendants obtained an arrest warrant by "falsifying the information to obtain the arrest warrant." (*Id.* at 8.) He claims that Defendants committed "prosecutorial misconduct" during his preliminary hearing and "throughout the trial." (*Id.*) Plaintiff also claims Defendants gave "hearsay testimony" against him. (*Id.* at 10.) Plaintiff contends that the "case should have been dismissed at the preliminary hearing; it was not a prima facie case, but the judge would not allow a dismissal of the charges." (*Id.* at 13-14.) Plaintiff claims the judge gave him the "harsh" sentence of forty years because he did not "want to argue" with the prosecutor. (*Id.* at 18.) He also claims that there was "ineffective attorney participation" by his defense counsel. (*Id.* at 20.) Plaintiff is seeking monetary damages in the amount of $110,000,0000. (*Id.* at 58.)

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S.

at 81-82).

Here, because Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated, his suit is subject to dismissal because he may not pursue such claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his conviction in San Diego Superior Court Case No. SCD 276163 has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on allegations that he has not received a fair trial, he may not proceed pursuant to § 1983, unless and until that conviction has been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. An award of damages based on

that conviction would necessarily imply its constitutional validity and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release … or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

Because Plaintiff does not claim to have already invalidated the conviction which forms the basis of his suit by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his SAC must be dismissed *sua sponte* and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Phillipi v. Does*, No. CIV. 11-2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (*sua sponte* dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that … the sentence currently being served is unconstitutionally long.") (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486–87; *Preiser*, 411 U.S. at 500); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

### 3.   *Judicial, Prosecutorial & Witness Immunity*

To the extent Plaintiff seeks damages against Judge Rodgers for the rulings that he made in Plaintiff's criminal trial, his claims are legally frivolous, because "[j]udges are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("A judge lacks immunity where [s]he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature.") (internal quotation marks and citations omitted); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). "Issuing orders, setting schedules, and remanding criminal defendants into custody" are all acts

performed within a trial judge's official capacity. *Thomas v. Shah*, No. 5:18-CV-02193-AG (SHK), 2018 WL 5734593, at *2 (C.D. Cal. Oct. 31, 2018); *see also Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)).

To the extent Plaintiff claims Assistant District Attorney Jessica Coto also violated his constitutional rights by having his "religious beliefs brought against [him]" in her closing argument" and committing "prosecutorial misconduct," *see* SAC at 21-22, his SAC must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b) because Coto is entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915) (citation omitted).

To the extent Plaintiff also seeks damages against Katherine Crumb and John Sullivan, based on claims that they offered "hearsay testimony," *see* SAC at 19, his SAC must also be dismissed on immunity grounds pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2); *see Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir. 1987) ("[W]itnesses are immune from liability [under § 1983] for their testimony"). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) (citing B*riscoe v. LaHue*, 460 U.S. 325, 345, 103 S. Ct. 1108, 75 L.Ed. 2d 96 (1983) ).

/ / /

E. <u>Monell Liability</u>

To the extent that Plaintiff names the City and County of San Diego as Defendants, he fails to state a claim upon which § 1983 relief may be granted. A municipal entity may be held liable under § 1983 only if Plaintiff alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dep't of Social Servs,* 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Neither the City nor the County of San Diego may be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Plaintiff's SAC is devoid of facts that would support a claim of municipal liability as to either the City or County of San Diego.

F. <u>San Diego Sheriff -- Individual Liability</u>

While the San Diego County Sheriff is a "person" subject to suit under § 1983, there are no specific factual allegations as to this Defendant in Plaintiff's SAC. These types of broad and conclusory allegations fail to plausibly show how, or to what extent, the San Diego County Sheriff may be held individually liable for any constitutional injury. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). As pleaded, Plaintiff plainly seeks to hold the San Diego County Sheriff liable for the acts of their subordinates. But "vicarious liability is inapplicable to … § 1983 suits." *Iqbal*, 556 U.S. at 676. Instead, "Plaintiff must plead that each Government-official defendant,

through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged).

### G. Leave to Amend

Finally, while the Court would normally grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so in this case would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could somehow allege facts to show Defendants violated his constitutional rights during the course of his criminal proceedings in San Diego Superior Court Case No. CD276163, and include facts to suggest the named Defendants could be liable for damages under § 1983, he still could not proceed because he has yet to invalidate his conviction and/or sentence via direct appeal or through the issuance of a federal writ of habeas corpus. *See Heck*, 512 U.S. at 486-87.

## IV. Conclusion and Orders

For the reasons discussed, the Court:

1) **DISMISSES** Plaintiff's SAC as frivolous, for failing to state a claim, and for seeking damages from defendants who are absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) without prejudice,[1] but without leave to amend;

---

[1] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-

2) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

Dated: September 23, 2021

Hon. John A. Houston
United States District Judge

---

FMO(E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. CV 17-4615-FMO(E), 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).