UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DORADO,<br>CDCR #BN-7728,<br><br>                                  Plaintiff,<br><br>vs.<br><br>CATHERINE CRUMB, et al.,<br><br>                                  Defendants. | Case No.: 3:20-cv-1936-JAH-LL<br><br>**ORDER DENYING MOTION FOR DOCUMENTS TO BE PLACED IN CLOSED FILE AND GRANTING MOTION FOR CONFIRMATION OF COURT'S ORDER**<br>**[ECF No. 33]** |

**I.     Procedural History**

Daniel Dorado, ("Plaintiff"), currently incarcerated at Pleasant Valley State Prison located in Coalinga, California is proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. Section 1983. On September 24, 2021, this Court DISMISSED Plaintiff's Second Amended Complaint as frivolous, for failing to state a claim, and for seeking money damages against immune defendants pursuant to 28 U.S.C. Section 1915(e)(2) and 1915A. (ECF No. 33.)  Because the Court found that providing

1

1 leave to amend would be futile, judgment was entered and the file was closed. (*See id.* at
2 9-10.)
3       On October 19, 2021, Plaintiff has filed a document entitled "Request for Documents
4 to be placed in closed file," "Confirmation of Judge's Order," and a "Request for
5 Clarification." (ECF No. 36.)

6 **II.    Motion to Place Documents in Closed File**

7       The Court construes Plaintiff's request as one to place documents under seal.
8 "Courts have recognized a 'general right to inspect and copy public records and documents,
9 including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447
10 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,
11 597 & n. 7 (1978)). The party seeking to seal a judicial record bears the burden of
12 overcoming a strong presumption in favor of public access. *Id.* The party must "articulate
13 compelling reasons supported by specific factual findings that outweigh the general history
14 of access and the public policies favoring disclosure, such as the public interest in
15 understanding the judicial process." *Id.* at 1178-79. Plaintiff's request is devoid of specific
16 reasons or any specific facts that would meet his burden to show compelling reasons that
17 outweigh the public policy favoring disclosure of court records. Accordingly, Plaintiff's
18 Motion to "place documents in a closed file" is DENIED.

19 **III.    Motion for "Confirmation of Judge's Order" and "Clarification"**

20       A portion of Plaintiff's request includes which could be construed as a request for
21 legal advice from the Court which the Court cannot provide. Plaintiff also seeks
22 clarification that this matter was dismissed without prejudice. The Clerk of Court is
23 directed to mail Plaintiff a copy of the Court's docket which indicates that the matter was
24 dismissed without prejudice. (*See* ECF No. 34.)  Any further action Plaintiff seeks to file
25 will be filed as a separate action and this matter will not be reopened. In addition, Plaintiff
26 is cautioned that any further action he files while incarcerated will be subjected to the
27 required sua sponte screening process required by 28 U.S.C. Section 1915(e)(2) and
28

Section 1915A.

## IV. Conclusion and Orders

For the reasons explained, the Court:

(1) DENIES Plaintiff's Motion for documents to be placed in closed file (ECF No. 36); and

(2) GRANTS in part, and DENIES in part, Plaintiff's Motion for Confirmation and Clarification of the Court's September 24, 2021 Order. The Clerk of Court is directed mail Plaintiff a copy of the Court's docket.

**IT IS SO ORDERED**.

Dated: November 12, 2021

Hon. John A. Houston
United States District Judge

3